The indictment was in these words.
Montgomery county, ss.
•BE it remembered, that at the general sessions of (L. S.) the peace of the people of the state of New-York, holden at the town of Johnstown, in and for the said county of Montgomery, on Saturday the fourteenth day of February, in the year of our Lord one thousand eight hundred and one, before Abraham Romegn, David Cady, and Robert M‘Farlan Esquires, and others, justices of the said people in the county of Montgomery aforesaid, and also assigned to hear and determine divers felonies, trespasses and other misdemeanors committed and done in the said county, upon the oath of, &c. good and lawful men of the county aforesaid, then and there sworn and charged to en-quire for the said people of the said state, for the body of the said county, it is presented in manner and form as followed!, that is to say,
Montgomery county, ss.
The jurors for the people of die state of New-York, and for the body of the county of Montgomery, being duly Sworn and charged upon their oaths, present, That Amaziah Rust, late of the town of Johnstown, in the said county attorney at law, on the first day of June, in the year of our Lord one thousand seven hundred and ninety-eight, was, and still is, and has ever since been, an attorney at law of the court of common pleas in- and for the said county of .Montgomery, and that the said Amaziah Rust, so being one ,ef the attornies aforesaid, on the twelfth day. of February *132 ™ ^1C 7ear 0UT Lord one thousand seven hundred and ninety-nine, obtained a judgment in the said court,, in favor of one ic]iabod Roberts, plaintiff, against Alexander Campbell and John Hamilton, junior, defendants. And the jurors aforesaid, upon their oaths aforesaid, do further present, That the said Amaziah Rust, being such attorney as aforesaid, and prosecuting such suit for the said plaintiff, as his attorney, not regarding the statutes and laws in such casé made and provided, but Unlawfully ánd extensively, ofl did Sixth day of May m the year of our Lord oñé thousand séveir hundred and ninety-nine, at Johnstown' aforesaid, in the county aforesaid, did exaót, demand, extort and1 receive from the said Alexander Campbell, one of the’ defendants in the said cause, the sum of Eleven Bollan over and aboye the fees usually paid for such lile' services, and dtíé in the suit aforesaid, and more than was legally due to' the said Amaziah Rust and the other, officers and ministers of the said court for their mpétlivé services in the iaid suit, contrary to' the ttatute in such case made and provided, and against the peacé df tiré Said.people of the said state, and their dignity. Whereupon the sheriff o’f the said county of Montgomery is-commanded that he cause the said Amaziah Rust to' Come and1 answer; Sic. And afterwards, to Wit, .at the same' general sessions of the peace of the Said people, holden at Johnstown- aforesaid, in and for' the county aforesaid; on the Said- fourteenth day of February in" the year' of our Ldrd one thousand eight hundred and one aforesaid, before’the aforesaid justices of ‘ the said people; artd others their fellows aforesaid^ coihetii the said Amaziah Rust, in his own1 proper person^ and having heard the said indiffm'ent read, the said Amaziah Rust saith he is not' guilty thereof, and" concerning therédf lie putteth himself upon the county,-- &C. And George Metcalfe, district attorney fot" the1 county aforesaid; ■ who prosecutes for the said people of the Said state in this' behalf, doth’ the lilce. Therefore let a jury thereupon coihebefore the justices of the said" people of the said state, at the next' general1 Sessions of the peace to be holden at the town df' Johnstown aforesaid; in and for the said county' df Montgomery, oh the fourteenth day' df Oftober in the year of our' Lord One thousand eight hundred and onh aforesaid; of twelvé'ffeé *133 and lawful men of the said county, each of whom shall have in his own name or right, or in trust for him, or in his wife’s right, a freehold in lands, messuages or tenements, or of rents in fee or for life, of the value of sixty pounds free from all reprises, debts, demands or incumbrances whatsoever, by whom the truth of the matter may be the better known, and who have no affinity to the said Amaaiah Rust, to recognize upon their- oath, if the said Ama-ziah Ruat .be guilty of the premises aforesaid or not, because as well the said George Metcalfe, who prosecutes for the said people -of the said state, in this behalf, as the said Amaziah Rust, have put themselves upon that jury, the same day is given as well to, the said George Metcalfe, who, prosecutes for the said people of the said state, as to the said Amaziah Rust. At which next general sessions of the peace, hólden at the town of Johnstown aforesaid, in and for the: said county of Montgomery, on Wednesday the fourteenth day of October in the year of our Lord one thou- - sand eight hundred and one aforesaid, before Simon Veeder, .John McArthur and John T. Yisscher, esquires, and other •justices of the said people of the said' state, in and for the county of Montgomery also assigned, and cometh as well the" said George Metcalfe, who prosecutes for the said, people of the said state, in this behalf, as the said Amaziah Rust,, in his.own, proper person, and the said, jurors of the. said jury, by James Hildreth, esquire, sheriff of the said county of Montgomery, for this purpose impannelled and returned), to. wit. Sc. who being called come, who. being chosen, tried) andl sworn.to speak tibe truth of and upon die premises-in the indictment aforesaid ahove specified, do say . upon their oath, tiiat tile said Amaziah Rust is guilty of the .premises aforesaid, in. the indictment- aforesaid above specified", in manner, and form as by’ the indictment aforesaid is supposed againsf him. Whereupon all and singular the premises being seen, and'by the court here fully understood, it is considered by-the court here, that the said Amaziah. Rust pay to die- people of the state of New-York, one - hundred dollars for his fine, by the court here upon him laid, for and’by, occasion of the offence and extortion aforesaid, whereof, lie is in, the form, aforesaid convióted, and *134 that the said Amaziah Rust be taken Jto satisfy the said people of the said state for his said fine, and that he pay the same or stand committed to the common gaol of the said county, until the said fine is paid.
DAVID CADY.
IT was now brought before the court on a writ of error. Emmott, for the defendant, took a variety of exceptions. 1st. That it is not shewn with sufficient certainty before whom the court was held. • The record states the indiftment to have been “ before the justices of the said people in " Montgomery aforesaid, and assigned to hear and determine divers felonies committed and done in the said coun- ^ “ ty.” But the aft by which their authority is created, says .<c The justices of the peace of the said counties f 8cc. shall have power to hold the general sessions. 1 Rev. Laws 295, .sec. 6. This tribunal then, as stated, is not such a one as is created by the statute. It is a general principle, not here complied with, that particular authorities must be specifically shewn. 3 Hawk. b. 2. c. 25. sec. 123.. That the nature of the "commission ought to be set out and manifest- ) ed, whereas here it was not apparent, and must be the result .of implication alone. 2d. There has been a mis-trial; there is no issue joined for the jury to try; the record is cometh &c. tc and having “ heard the said indiftment read, the said Amaziah saith he “ is not guilty thereof? This applies to the indiftment, and ) not to the offence. 3d. The time at which the court was held is stated so as to vitiate the indiftment. It is said to have been on a Saturday; the first meeting ought to have been shewn to have .been on a Tuesday, in conformity to the'aft, and the continuances from thence to the Saturday, regularly set forth. The words of the aft are, “ In the county of Montgomery, <( at the court-house in the said county, the court of com-.<r mon pleas on the second Tuesdays of February, June and “ Oftober, and the court of general. sessions on the said « second Tuesdays of February and Oftober.” The caption is <c at the general sessions holden on Saturday the four- “ teenth day of February.” This is fatal. It is necessary to state that the sessions commenced oft the day appointed
*135 by law and were continued to the day,* at which mentioned to have been holden. For this doCtrine the court may refer to 1 D. & E. 316, where, and also in 3 L. Ray. 41, they will see precedents in point.
4th. There is not sufficient certainty as to place. The indictment says “ holden at the town of Johnstown,”† but the words of the aCt are, “ at the court-house in the said ■county.” The court-house is the very spot assigned by the law, and for what appears, it may not be in Johnstown. It should have been « in the county of Montgomery, at the “ court-house of and for the said county, in the town of « Johnstown.” 4 Hawk. 77. b. 2. c. 25. sec. 128 is to the Same point.‡
5th. There is a total want of proper continuances. It appears by the aCt that the sessions are to be holden on the second Tuesday in February and October: the continuance on the record is to Wednesday the fourteenth day of October, on which day the venire is made returnable. The day appointed by law was Tuesday; and that, in 1801, was the thirteenth, and pot the fourteenth of the month. It was to the Tuesday, the thirteenth, that the court ought to have been continued, and from thence to the day of trial. 4 Hawk. 170. b. 2. c. 27. sec. 89. Ibid. sec. 92. This is fatal, for a discontinuance is never aided by appearance. Ibid. sec. 102.
6th. The indictment is wholly defective for want of certainty. The special matter of the whole faCt must be set forth, with such precision, that it can sufficiently appear to the court that the indiCtors have not gone upon insufficient premises. 2 Hawk. 320. Nothing material is to be taken *136 by intendment or implication. 2 Hawk. 347. The indiftment is laid under the fee bill, and therefore clearly bad, for it has not charged the faft to have been knowingly or wilfully done. These are the words of the statute, 2 Rev. Laws N. Y. 88. and are indispensable. To shew that the very words of the law should be pursued, and that the court can not, from any circumstances, or by intendment supply the defeft, there-are two authorities exaftly in .point. Jackson and Randall’s case, 1 Leach 305. Cox’s case, ibid. 82. At common law this does not hold good, for there falsely will imply wilfully; but, under a statute, there can be no such implication. In such cases it is also necessary that the specific charge should be stated: in the present case it is necessary, not only for the sake of certainty, but because the statute declares the offence to be for taking a greater reward than it allows “ for any of the services aforesaid.” If "the sum taken be not for the services “ aforesaid ,” it is not an offence, and therefore it should be clearly stated.' If the indiftment be not for an excess in the money exafted for those services, it is bad. It should also have stated the party aggrieved by the crime, and for this reason; the statute is to him remedial, and gives him treble damages. A further defeft is, that the judgment does not follow the aft. The law ordains that the culprit <e shall pay to the party “ grieved treble damages, and such fine to the people of the '“ state of New-York, as the court shall think proper to im<c pose.” The sentence is only for a fine; totally omitting the treble' damages to the party grieved, for whose compensation the aft was principally intended. Under the ■statute for the prevention and punishment of extortion, 1 Rev. Laws N. Y. 120,' the indiftment can as little be supported. An attorney is not an officer within that law. .An officer is an agent for the public, an attorney is only a private agent. If, however, he is an officer, then it was necessary to lay the offence as done by colour of his office, and for doing his office. This is an óbjeñion even at common law, for there it must be charged colore officii. Bains’s case, 6 Mod. 193. Nor does it appear that the money was taken in the cause; if it was, it might not. have been for costs. The charge therefore wants legal precision. The *137 Queen v. the clerk of the peace of Cumberland, 11 Mod. 82. In that case it was laid as here,* and lprd Holt held it insufficient. That it must be so, is evident from this, that it is necessary to shew how much was due. This is not done, and on that account therefore the ipdiCtment must fall. Lake’s case, 3 Leon. 368. Comyns, Di. extortion, C. Baynes’s case, 2 Salk. 680. 1, Holt 512, 517. Queen v. Clerk of Cumberland. 11 Mod. 80, 83.
Metcalfe, district attorney contra. The first objection that has been taken, is to the caption, in omitting after the word “justices” to add “of the peace.” This exception, it is presumed, cannot be. supported. .On considering the nature of the offence, and how it became cognizable before the sessions, the jurisdiction will appear to have been sufciently set out. The clause is descriptive of their sessions-jurisdiction, and that was the only one they were tiren exercising. What are now called justices of the peace, assigned, &c. were originally no more than conservators of the peace, and chosen by the people. By the 1 Ed. 3. ch. 16. they were made officers of the crown, but still nothing more than conservators, as they antecedently were. It was not till the 34-th Ed. 3. ch. 1. that they obtained their power to hear and determine, &c. It is from hence that all their sessions power was derived, and independent of that aCt drey had not power to try. 1 Black. Comm. 349, to 354. As then the authority of justices does not enable them to hear and determine, &c. and this authority is the only one by which they have cognizance of the offence in the indictment, it comprehends all their sessions power on the point in question, and to state that is fully sufficient. It is not necessary to state more than will give jurisdiction over the offence. Suppose any other subsequent authority had been conferred, would it have been incumbent to set forth that? The words of the caption are, “ assigned to “ hear and determine divers felonies, trespasses and other “misdemeanors;” this then is a competent description of the persons before whom the indictment was tried. It states their mode of creation, and the jurisdiction of the particu-
*138 lar offence to have been delegated. The book referred to, Hawk. b. 2. c. 25, Sec. 123. page 360, does not make good the exception. There is no case decided that in an indictment at the sessions it is material to insert assigned to keep the peace. The power is distinCt from that to try, and therefore on a case under the latter,- the former need not be specified.
In answer to the second Objection that the issue was not properly joined and therefore a mis-trial it is useless to argue. Three precedents (and all others it is presumed are the same way) sufficiently prove that the due forms of law have been observed. Cro. Cir. Comp. 83. Trem. P. C. 8vo. translated ed. 117. Ibid. 133.
■ As to the want of certainty in not setting forth the specific charge, and the fee due, this general principle may be replied. It is necessary only that the charge contain the manner and substance of the fact. Hawk. B. 2. ch. 25. sec. 54 to 68. The indictment does do all this, and when compared with others will be found to1 contain as much certainty as is common. It sets forth the persons, time, place, object taken, manner, occasion and intent. But, it is asserted, the party injured is not serforth. The reverse of this we contend-to be the fact. Mention is made of the suit, specifying the time when judgment was obtained, naming the parties, plaintiff and defendants : that Rust conducted it as an attorney for the plaintiff and received so much money over and above what was due. This then is a sufficient description of the personfrom whom received, and the party aggrieved. The offenceis stated to bethattheeleveu dollars were extorsively “ exacted, demanded, extorted and <E received over and above his fees.” For this an authority may be found in Hawk b 2. c. 25 Sec. 57. It is there said an indictment for extortion, charging the bailiff of -a hundred with taking colore officii fifty shillings, is good, without shewing for' what he took it •, especially after verdict.
The law never can intend that every .circumstance, whether it go to -the charge or not, shall be enumerated. Those only are requisite which are connected with the crime;.such as go to make up the offence. Here he is Charged with taking more than due. It is not necessary to *139 so into a" calculation and state each sum. This may be ° _ 1 necessary to be shewn to a jury, but not to appear on a record. All the cases in Hawkin’s turn on the principle stated, and leave out indifferent matters, specifying only those that constitute the offence, and without which the prisoner would have been innocent. To the same effect is 4 Com Di. 391. G. certainty to a general intent is sufficient. The same in Rex v. Brunsden, Cro. Car. 438. S. C. 448. To a general indictment against a sheriff’s officer charging with having taken twenty shillings, many exceptions were taken, but on this point not one: 1 Sid 91.* the case cited from Hawkins. The court will find the same doctrine in 11 Vin. Abr. 471, 4. 14 Vin. Abr, 363 PL 8. n. Rex v. Cover. Rex v. Reffit 7 Mod. 220. But should it even be admitted that the -charge is insufficiently made, after a verdict it is too late to be insisted on. Every circumstance that might have been fatal on demurrer cannot be taken advantage of, after trial and conviction. A verdi£t cures many defeíls; and particularly those which must have been removed-before the party could have been found guilty, Rex v. Cover cited in 4 Bac. Abr. 454. No authority has been adduced to shew that it is .necessary to set forth the specific charge. There is no book -which will warrant it, and it is -repugnant to the cases of Rex v. Brunsden and Rex v. Cover. If they are law the exception is good for nothing. Besides the over charge might.be a sum in gross ; for a regular bill might ¡be made out for 25 dollars, and 30 be received. This will evince that it might be impossible to point out the identical charge in which-he was guilty of extorting. As to not stating the due fee, this has ever been considered as an immaterial allegation, it is only a circumstance attached to the offence and it is enough if it appear in evidence. But though the omission be a defeiSt, it is cured by the verdift. The case in 3 Leon. 268, is the only one that can be found to maintain the exception. -It seems however to have turned altogether on ■the, words of a "particular statute; that of "the 25 Ed. 3. ch. -9, made against clergymen who took more than their fee for giving absolution. By looking at the act it will be found to have required a more than ordinary degree of eer *140 tainty in the proceedings, and the court, probably'felt J themselves under its influence. That the statute demanded a greater precision than the common law must necessarily be inferred from its being passed; for had it been otherwise it never would have been enaCted. This is evident from the decision in Rex v. Reffit and Potts’s Case. In those a verdifit was had on a general indictment, like the present, and the court held it well, saying they could not then go into the exception. In Rex v. Baines as appears by Holt’s report of it 512, there was no determination on the point now objected. It was an indictment for taking eight shillings for a subpoena of only twelve lines. The charge was “ for divers misdemeanors in the execution of his “ office in the articles following, viz.” So that the offences were laid under a videlicit, and a mere recital. Holt said that itwas not charged for what fees, whether as clerk, or in what capacity, it was alleged to have been done in the execution of his- office. Powell, one of the judges who was against the articles, mentioned the case in 3 Leon, but the other judges took no notice of it, and it does not appear to have been at all rested upon. The court will never require ■ impossibilities. If tins objection should prevail, in many instances an attorney could never be indiCted. Suppose he should refuse a copy of his bill and destroy it. To be surd die court might order a copy to be produced: but then, no other than the party injured could call upon him; so that tliis would confine the proceedings to the person injured, and lessen the generality of the remedy. What if the attorney chose to be in contempt ? He would put himself beyond the ordinary course of law. In Rex v. Reffit and Rex v. Cover a fee was due for one of the services, it was not set out, and yet the conviction deemed stood. For if stated it would not enable the court to form a better judgment of the nature of the offence, it would give them no greater information than they now have ; unless every specific service is to be charged, then what was due, and then what was received. The objection is not now-tenable : for though it might have been good on demurrer, it is cured by the verdiCt, the inference being that all the faCts were prov'ed. From lienee the conclusion must be that he *141 extorted, and this word is used in the charge. But, if these objeéíions be done away, it is still urged that we have not laid it to have been done under colour of his office, and ■ that the money is not stated to have been received in the Cause, or for fees. This latter exception is not true in faét. The indiftnient sets it forth with all convenient, though not with all possible certainty. It states the suit, that Rust was the attorney for the plaintiff, that being so, and while prosecuting the suit for the plaintiff as such attorney, he extorted from one of the defendants eleven dollars more than were due in the suit, and more than were due to him, and the other officers and ministers of the court for their respective services in the said suit. This therefore is substantially good 1 Trem. 8vo. Ed. of English translation 115. 4 Went. Plead. 146.* Colore officii though inserted in the precedents in one or two reports may be dispensed with. If it appear that the party charged with the offence was. acting in his office it is sufficient. In the partof Hawkin’s relied on, B. 2,c. 25.S. 57, after enumerating the technical terms that could not be omitted, it does not say that colore officii is indispensable. Rex v. Baine’s states the objection, but it was not acceded to. The indi£t"ment says that' he was acting as an attorney ; this is fully 'enough. As to the argument that the proceedings are not good under either of the acts of the legislature, it naay be very briefly answered, that it is immaterial whether it be so or not, if good at common law; to which its conclusion against the peace See. cannot be objected. The whole tenor of the indictment shews the money was taken by co-lour of his office. It is doubted however whether an attorney be such an officer as is intended by the a£t of the 7th January 1788. “For prevention arid punishment of extortion.” Attornies are always stated to be officers of the court, and taken to be ministerial officers. They are licensed, regulated, and liable to punishment by the court, and therefore creatures of it. The act mentioning sheriff or other officer whatsoever ministerial or judicial; if then an attorney be an officer, the indictment will be good under that law, because the words knowingly and wilfully are not in it. *142 The fee bill 2 Rev. Laws 88 has these terms. It is not denied but that the indictment would have been more formal had it contained these words; yet in Hawk. B. 2. c. 25. s. 96, it is mentioned that if a statute contain the word unlawfully, you must use it, or something tantamount. Therefore it is not necessary to use every adjeSivc the act may contain. The words of the indictment and those of the law when compared will be found to be co-significant. The question then is whether the words, taken collectively, do not sufficiently indicate that the money was received knowingly and wilfully? whether they do not import as touch ? This however is a public statute and it is not necessary to recite it. This principle is equally applicable whether the fait charged be prohibited by one or more statutes. The averment therefore against the form of the. Statute is exabundanti and not fatal. Two words are also said to be omitted, which are essential to the description of the offence of extortion. At common law these words are not required. , This is a misdemeanor, not originating on any statute; it is the old common law offence: the words of the statute only shew what would be extortion, and the Court will please to observe that colore officii can apply only where no fee is allowed at all; which is a different species of extortion from the present. That the judgment ought to have been for treble damages can be enforced as an argument against the proceedings, only if they be deemed to be on the statute, but if held to be at common Taw, it cannot prevail. The authority cited on the opposite sidefrom Cro. Car. 448 is in point to this,though it has been mistaken by the party by whom used. Another reference may be made to shew an exception cannot be taken for not giving -damages. 2 Stra. 1048.* « quod convictos “ est,” was adjudged enough, because every thing the law ordains is implied and results from the words; but what rests in discretion must be inserted. Nor is it necessary, though the a£t order fine and imprisonment, that both should be iníliCted ; its being a line only, does not vitiate. In General Gordons case, the same thing 'was determined "by this court.
*143 There is no authority to support the objection on account of omitting to say “ at the court houseana that which is taken against the continuances is equally untenable. The Sessions may adjourn to any day within the sessions in the same manner as they may make -their process returnable ; in conformity to which, (to the venire,) the continuance is made. That the party aggrieved is not mentioned has already been answered, and of this the whole indictment is a complete refutation. If this indictment prevail, deleterious consequences it is said will ensue, and that indictments can be thus preferred will be a doCtrine dangerous to the profession. There is no man, continued the district attorney, who more wishes its well being than myself, but neither its interest nor its honor require that practices like these should go unpunished. The court therefore though called on to require more certainty in this indictment than any other cannot be influenced by the considerations suggested: it is not by law necessary, and that is sufficient,
Emmott in reply. The court will perceive that the charge may affeCt the defendant most seriously : it is nof only the fine he has to pay, but it may go to striking him oE the rolls and depriving him of the means of subsistence. The sum does nqt induce him to come here, but, that he might have the means of support. The indictment is nof pretended to have been framed on a bill of Rust’s, but on an estimate made by the parties who met together, calculated what he ought to have received, and then, because in their opinion he had taken too much, they proceed in this rigorous manner. It perhaps would have been full as eEeCtual for the purposes of justice if they had • left the punishment to the court of which he is an attorney. Two kinds of errors are insisted upon. One go.es to the form, and that we contend is materially defective. This, an inspection of the record and authorities will prove. From Hawk. B. 2. c. 25. s. 123, and the cases there cited, two general rules may be drawn. That the nature of the commission ought to be set forth and the authority to hold the court apparent on the record. It is not stated that the justices were of the peace for the county. Therefore, notwithstanding Blackstone, when we look at our law, We
*144 find they must be of mstices of the peace for the county* 1 J . : .. J 1 If you pursue the words of the indictment the same want of precision is continued. Before Abraham &c. and others cc justices of the said people in the county of Montgomery <c aforesaid.” There is a wide difference between justices n>* ant^ justices of a county." Suppose a m agistrate from another county to go there, he would be a justice inf hut „ , T ... , ■ r. not of Montgomery, and could not have a right to be one or the sessions of that county. It does not follow that they are the right justices j because stiled justices of the people. The justices of this court are justices of the people, but they could not gó to Montgomery and hold the sessions. Nor is this cured by its Being stated (t assigned to hear” See. for if there was a special commission to try particular offences, they would under that be assigned to hear, and have authority to hear and determine according to their commission, but not as justices of the peace of the county. No answer has been made to the exception against the time at which the court was holden: it should have been shewn that the court was holden on the Tuesday, and then adjourned, this not being done, the omission is material and not cured. Rex. v. Warre, str. 698.† As to place there is a total failure. The a£t ‘fixing the place at which the sessions are to be held, does not notice Johnstown; it mentions the court-house of the county; the location of that was a private law: it ought then to have appeared that the courthouse was at Johnstown, that the sessions were held 'there áná-.iiot elsewhere; for, if the sessions were at Johnstown, and' the court-house in any other town,- the court could Éáve no authority. Another idea presents itself respecting the adjournment; suppose it had gone beyond "the week iñ which the second Tuesday fell, there would doubtless Be a want of due continuances, and the contrary does not appear nov‡ The court will recoiled! that this indidtment Was not necessary for the ends of justice, as the court of which Rust is an attorney, is competent to every purpose for which it can be asked. The fee-bill creates the offence, and from Jackson and Randall’s cáse, and Cox’s case, "be-
*145 fore cited, it is indispensable to pursue the words of the .statute, « knowingly an.d wilfully.” The very charge must be specifically stated, .for it is only in overcharges of a particular nature, mentioned by .the ait, that the offence is comprehended. .The words of the law are, “ the sum of money herein.before allowed.” If then not in one of the sums before allowed, it is not an pffence within the aft. It might be an overcharge for a letter. Admitting the demand to be unreasonable, it is possible it was riot within those mentioned by the fee-bill. If it was, then tire conviftion is clearly bad, for the court should have gone on to give treble damages.* They are the first objeft of the law, as a compensation to the party aggrieved, tire fine alone is a matter of discretion, the words are “ and such fine to the <c people of the state of New-York, as die court &c. shall <£ think proper.” So by colour of his office, is equally necessary under tire other aft, for the words of the law have made it a constituent part of the offence; but it is conceived that attornies are not either ministerial, or judicial officers within the meaning of that law. If the proceedings áre to be taken at common law, then it is indispensable that colore officii should be expressed. Baines’s case is full to this. The manner of stating the charge, really amounts to-nothing. That he extorted “ eleven dollars over and above the fees <c usually paid for such like services, and due in the suit <c aforesaid, and more than was legally due to the said Ama- “ ziah Rust and die other officers and ministers of the <c court, for their respeftive services in the said suit,” and above the fees usually paid-, tiiis does not say they weFej received in the cause, but only that they were received pom one of the defendants. Should, however, the court ffijplg the money was received in the cause, it does not appeaikto have been for costs: there is not a word to shew it. The excess might have been for a part of the debt. If the court adopt the common presumption that he was afting in good faith, though too much has been taken, it will not be supposed for fees; especially as" they are stated not to be due, and the debt not alleged to have been paid. Nay, suppose tire judgment had been long standing, the eleven dollars
*146 might be for interest.' It is possible this extra sum might have been received, every word of the indictment in that respefit true, and yet the defendant -not guilty of extortion. He may have paid to another person; the sheriff may have demanded it; a thousand cases might be.put to shew the want of precision. The proceedings mention such like services, without stating any before.
Metcalfe. It sets forth that he obtained a judgment.
Emmott. Allowed; but that is not material. In 11 Mod. the Queen v. clerk of Cumberland, the same observation was made by Holt. He says “ he took ten shillings “ more than his fee, why this may be, for perhaps he had, (C another demand upon him,” and the indifitment held not good. The authority in 3 Leonard, requiring the sum actually due to be specified, is acknowledged by the distrift attorney to be against him. The case in Holt is full for the purpose cited; the exceptions being confirmed by reason and settled adjudications) are well taken, and the indifihnenf never can stand.
Per curiam. Delivered by Radcliff, justice. This is a case on error, from the sessions in Montgomery. The plaintiff was indi filed in the sessions for extortion, as an attorney of the court of common pleas for that county. General errors have been assigned, and a number of objefitions taken to the indifitment and to the record, some of which are objefitions of form, and others of substance.
For the purpose of the opinion we shall -give, it will he sufficient to state the part of the indifitment on which it is founded, and which we deem to be defefitive in substance.
The indifihnent states, that he was an attorney of the court, &c. and that on the 12th of February 1769,' he obtained a judgment in favor of one Ichabod Roberts v. Alexander Campbell and John Hamilton, jun. and that he did extort and receive from the said Alexander, eleven dollars aver and above the fees usually paid for such like services, and due in the suit aforesaid, and more than was legally due to him and the other officers and ministers of the said court, for their respeEtive services in the said suit, isfc.
The fafit thus charged may be true, and the plaintiff may still be inno'cent of the offence. The indifitment does not *147 specify how much was received on his own account and "how much for the officers and members of the court. It may be that the excess on which the charge of extortion depended,
Was occasioned by the charges made by the other officers, and incorporated into his bill, as for sheriffs fees, clerk’s and «witnesses, &c. In these respects the indictment is not sufficiently particular, the offence is not alleged with sufficient precision and certainty; therefore, without examining the other objections, we are of opinion that for this cause the judgment ought to be reversed.
Lewis, chief justice, absent.

 This is neceflary only in cafes where the indidtment, &c. is at a day without the period of the original feflions or jurifdidtion. Therefore under commiflions of oyer and terminer, which are pro hacvice, if there be an indidtment found after the firft day, the adjournments till the day on which the indidtment was taken, mult be (hewn, 2 Hal. P. C. 24. Sampfon’s cafe W. Jones 420. So, on an indidtment at an adjourned fessions, the day the original feflions began muft be ftated. Rex v. I'iiher, 2 Str. 865. But this need not be done when the feflions is by ftatute for a certain length of time, within which the indidtment is found, as was the cafe here; for by the loth fetition of the adt of the legislature, appointing the feflions in queftion, they are diredted to be held from the Tuefday, to the next Saturday inclusive, 3 continuance therefore would be fuperfiuous, becaufe the whole feflions are, in law, but as one day. Saint Andrews Holborn v. St. Clement Danes 2 Salk. 606. The authorities from D. and E. and L, Ray. do not apply,

 The indidtment goes further, and fays, “ in and for the faid county.

 The cafe there put, is of leaving out the county.

 Not cxaétly. The indidtment there charged him with “ extortion, “ viz. that he exadted and forced from inch perfon, more than bis jutt lees.”

 Rex v. Cover

 The extortion wasunder pretenceof getting a difeharge, not traderGalour of office, therefore could not be fo kid-

 It is supposed Rex v. Luckup,, 1. the cafe alluded to. /it ,<loe» not however sceto perfectly analogous.

 in this !-he learned counfel is miftaken, a justice of the eyeof thu’aw, inairhjown°nly county.

 That was an indictment stated to be held “ ad feítum Epiphanii ” faitead of Epiphaniae. And in theRoman calendar there is a Saint Epiphanius.

 The act being a public act, are to being 5aid within the period ordained.

 Qu. If this is to be done without action and trial by jury, Bumpfteds safe, Cro, Car, 448. Rex v, Lamfane, W. Jones 379.